(22 Misc. Rep. 59.)

BROWN et al. v. DENNISON.

(Supreme Court, Special Term, Kings County. December, 1897.)

1. PARTNERSHIP—DISSOLUTION—CONSTRUCTION OF ARTICLES—SALES.

Where one partner, under the articles, has the right and agrees to buy out the others, and takes possession of the property, and the partners agree on the respective sums due them, but on the expiration of the prescribed time within which the money is to be paid, and on tender of the bill of sale, such partner refuses to pay the money as agreed, the sale is not consummated, as the articles contemplate that such sale shall be for cash, and title does not pass by an election to purchase without performance or its equivalent in readiness and offer to perform.

2. SAME—WAIVER OF RIGHTS.

Where one partner agrees to buy out the other partners, as permitted by the articles, and is given possession, and then transfers the property to another firm within the time prescribed by the articles for paying the money and giving the bill of sale, though such transfer was made with the consent of the other partners, they did not waive the provision of the articles that payment of the price by the buying partner should be a prerequisite of the sale to him.

Action by Hersey Brown and another against Charles M. Dennison for an accounting and the appointment of a receiver. Interlocutory judgment for plaintiffs.

J. Orlando Harrison, for plaintiffs.

Atwater & Cruikshank, for defendant.

HIRSCHBERG, J. The parties were co-partners until January 31, 1897, under the firm name of Dennison & Brown. Their partnership agreement provided that, at the close of the co-partnership, the defendant should take immediate possession of all of the assets, and should wind up the business and settle the affairs of the co-partnership, as provided for in articles 13 and 14 of said agreement. Article 13 related to the manner in which the affairs of the firm should be wound up in case the defendant availed himself of the privilege of purchasing his partners' interests as conferred by article 11. This, in effect, provided that, if the defendant desired to purchase such interests, he should notify his partners of such intention 10 days before the termination of the co-partnership; that he should pay to the plaintiff Brown the sum shown by the books to be due him, together with $1,200 for his good will in the business, and to the plaintiff Lent the sum shown by the books to be due him, together with $1 for his good will in the business; and that on the receipt of the moneys above specified, or a tender thereof, the plaintiffs should give to the defendant a bill of sale of their entire respective interests and good will in the partnership and business. Article 13 provided that, if the defendant decided to avail himself of the option or privilege so conferred by article 11, he should pay to the plaintiffs the amount which should be due them within 60 days after taking

possession of the property.    Article 14 provided, in case the said defendant should not take advantage of the option or privilege granted, that then the debts of the firm should be paid, the assets converted into cash as soon as practicable, without serious sacrifice, and the net property of the firm distributed among the parties according to their rights and interests as fixed by the agreement.    On the 21st of January, 1897, the defendant gave the plaintiffs due notice that he availed himself of the option to purchase; and, on the 31st of January, he took possession of the firm property.    The parties thereupon adjusted, and agreed upon, the sums due the plaintiffs, respectively, as follows:    There was found to be due the plaintiff Brown the sum of $13,554.02, and to be due to the firm from the plaintiff Lent the sum of $821.11. The plaintiff Brown, however, agreed that Lent's indebtedness should be charged against the amount due to him, thereby reducing the sum to $12,732.91, and making, with the $1,200 for the good will, the sum of $13,932.91 as the purchase price of the property and good will required to be paid by the defendant under the terms of the option.    The defendant never paid any part of this sum.    On the 1st day of February, 1897, he transferred all the property of the firm to a new co-partnership formed by him and his sons, under the firm name of Dennison & Sons; and when, at the expiration of the 60 days, the plaintiffs tendered him the bill of sale, and demanded payment of the money, he refused to pay the agreed price or any part of it.    The plaintiffs thereupon notified the defendant that they rescinded the agreement to sell at the price stated, and would enforce their legal rights as partners in the firm. This action is accordingly brought for an accounting and the appointment of a receiver.

The defendant, in his answer, substantially admits all the allegations herein recited, but sets up a counterclaim or offset in the sum of $20,000, and asks judgment for a balance of $6,000.    The counterclaim or offset is based on the assertion that the plaintiffs, for months prior to the close of their co-partnership term, were unlawfully undermining its business, procuring patronage in its line for rival concerns, and especially for a firm of which they had then agreed to become members, violating the terms of the co-partnership agreement by not devoting their whole time and best endeavors to the firm's interests, and thereby, and in other kindred ways, impairing the value of the good will of the business, to the defendant's damage in the sum named.    On the trial the plaintiffs moved for an interlocutory judgment upon the pleadings, and it was conceded that the facts as stated in the pleadings furnished all the information in the possession of the parties and essential to the ultimate decision of the case.

The plaintiffs are entitled to the relief sought.    The claim of the defendant is that the sale to him was consummated; that the title to the property passed to him, leaving him liable for the purchase price to be recovered in an action at law, in which his counterclaim may be interposed and litigated.    Undoubtedly, the defendant had under the co-partnership agreement the right to the possession of the property, together with the right of selling and disposing of it; but, as against his partners, the only way he could become the sole owner was by buying and paying for it.    The contract contemplated payment in cash, and he

cannot therefore pay for the property by merely complaining that he has agreed to give more for it than it is worth. The contract was executory. The plaintiffs agreed to sell and to execute and deliver a bill of sale upon receiving payment. The defendant, being lawfully in possession, agreed to buy and pay in cash. When the time arrived for the payment and the delivery of the bill of sale, the defendant refused to carry out the agreement, and the plaintiffs have elected to treat it as abrogated. Title could not be taken by an election to purchase without performance or its equivalent, in readiness and offer to perform. Hull v. Cartledge, 18 App. Div. 61, 45 N. Y. Supp. 450; In re Wright, 10 Ch. Div. 554.

It is alleged in the answer that the transfer to Dennison & Sons was made with the plaintiffs' knowledge and assent; but I do not see that that fact affects the situation. It occurred within 10 days of the time when the defendant took possession, and consequently 50 days before the time when payment by him was compellable. The defendant claims that the provision for the bill of sale was waived by such knowledge and assent. Had the transfer taken place after the expiration of the 60 days, there might be some force in this contention; but, under the circumstances, I see no justification for the assertion that the plaintiffs waived any of their rights under the partnership agreement. The defendant must account for the value of the co-partnership property and good will which he has sold, and an interlocutory judgment will be granted, appointing a receiver and a referee. Ordered accordingly.